UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CORY F.,<br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner, Social Security<br>Administration,<br>    Defendant. | C.A. No. 19-16-JJM-PAS |

## ORDER

The Court GRANTS Defendant's Motion to Dismiss because Cory F. did not file her complaint timely. ECF No. 4.

Cory applied for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. Her applications were denied at each stage and it was denied by the Appeals Council on October 15, 2018. Her complaint in this Court was due December 19, 2018.[1] 42 U.S.C. § 405(g) ("review of such a decision by a civil action commenced within sixty days after mailing to him of the notice of such decision"). She filed her complaint on January 15, 2019–87 days after the mailing of the Appeals Council decision. ECF No. 1.

The Social Security Administration moves to dismiss. Cory asserts that the doctrine of equitable tolling saves her claim. *See Bowen v. City of New York*, 476

---

[1] The Appeals Council informed Cory F. that she was presumed to have received the notice five days after it was issued – December 19, 2018 is sixty-five days from the date of the notice.

U.S. 467, 480 (1986) (equitable tolling is available where extraordinary circumstances beyond the claimant's control prevented timely filing). In support of her claim for equitable tolling, Cory alleges that her father had surgery on November 27, 2018, and that her mother, who usually helps her with her paperwork, could not assist her because she was caring for her father. She also alleges that she spoke with her attorney about an appeal on December 11, 2018, received the paperwork and again spoke to her attorneys on December 28, 2019. Her attorney received the paperwork on January 14, 2019, and she filed this complaint on January 15, 2019.

The problem with Cory's invocation of equitable tolling is that the facts and dates she asserts do not support a finding that she acted with diligence in pursing this case. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (". . . a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Cory had between October 20 and November 27 (the date of her father surgery) to prepare the paperwork. Despite the month-long period, there is no evidence that Cory acted with any diligence required before equitable tolling can be considered here.

Because Cory did not file her complaint in this Court within the 60 days required, and because equitable tolling does not apply to relieve her of that obligation, the Court GRANTS the Administration's Motion to Dismiss. ECF No. 4.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

April 8, 2019